*Johnson, Attorney General,* for Commonwealth.

*COMMONWEALTH vs McGEORGE. which authorized an increase of tax by the State of Ky.*

---

## Commonwealth *vs* McGeorge.

### ERROR TO THE OWSLEY CIRCUIT.

*Tippling houses. Penal statutes and provisos therein.*

JUDGE SIMPSON delivered the opinion of the Court.

The defendant in error was presented for keeping a tippling house in the town of Boonville, in the county of Owsley. The proof on the trial was substantially as follows: That the defendant had some merchandize in a house in said town, kept by him for sale; that he also kept spiritous liquors for sale in the same house, and sold the same by the quart; That he did not permit the spirits he sold, to be drank inside of the house, but he had attached a shelf to the back part of his house on the outside, on which the liquors were placed, and on which water was kept by him for the accommodation of his customers. Here the spirits he sold were drank by his permission. Men who were intoxicated, were

PRESENT-
MENT.
*Case* 2.

*December 5.*

Case stated.

COMMONWEALTH
vs
McGEORGE.

frequently seen in and around his house; and the main part of his business consisted in selling spiritous liquors.

The evidence thus adduced, established the fact most conclusively, that the defendant had violated the statute of 1793, (2 *Stat. Law,* 1499,) and was guilty of keeping a tippling house, unless he came within the proviso in the statute, allowing merchants to retail liquors in their store, provided it is not sold, to be drank in their store, or in a smaller quantity than one quart.

The persons to whom the saving in the statute applies, are those who are really engaged in the business of a merchant. If an individual, merely for the purpose of selling liquors, should have on hand a few goods for sale, as a cover to his real object, and was not actually and in good faith, engaged in merchandizing, he could not bring himself within this proviso in the statute. It may, therefore, be well doubted, whether the defendant can protect himself from the penalty incurred as the keeper of a tippling house, on the ground that as a merchant, he was privileged to sell liquors by the quart.

But be this as it may, he has entirely failed on another ground, to bring himself within the meaning and spirit of the saving in the statute. The design of the law is, that merchants shall be allowed to sell liquors to be taken away by the purchasers, and not drank at their store. They are not to convert their stores into tippling houses, either by permitting the liquars sold by them to be drank on the inside or outside of the house. The defendant has attempted to bring himself within the letter of the proviso in the statute, when at the same time he was violating its obvious and substantial meaning and intention.

Penal statutes must, no doubt, be construed strictly. This rule of construction cannot, however, be made to operate in favor of the defendant. The statute literally prohibits all persons from selling spiritous liquors by retail, without having procured a license to keep a tavern. This prohibition of the statute has been disregarded and violated by the defendant. By way of defence he has attempted to bring himself within a pro-

The savings in the statutes that permit a merchant to sell spirits by a quantity not less than a quart if not to be drank in the house, was intended to apply to those who were really engaged in the business of a merchant. It will not do that a few goods be kept to cover the real purpose of selling liquors.

The object of the saving is not to protect those who sell liquors to be drank immediately round about their houses; but only those merchants who sell to such as take it away.

A party who attempts to bring himself within the savings of a proviso in a penal statute must show that he is protected by the spirit as well as the letter of the proviso.

viso in the statute exempting him from its prohibitions. To effect this object, he must make it appear that his case is fairly embraced by the proviso, according to its true meaning and spirit. Having failed to do this, he is liable to the penalty denounced by law for the offence which he has committed, and which is embraced as well by the letter as by the spirit of the statute.

The decision of the Court below, being inconsistent with the principles of this opinion, must be reversed, and cause remanded for a new trial in conformity therewith.

*Johnson, Attorney General,* for Commonwealth.